56 CCPA

**IMPORT ASSOCIATES OF AMERICA and Fraser's Inc., Appellants,**

v.

**The UNITED STATES, Appellee.**

Customs Appeal No. 5325.

United States Court of Customs and Patent Appeals.

May 22, 1969.

———◆———

Barnes, Richardson & Colburn, New York City, attorneys of record, for appellants. Joseph Schwartz and Earl R. Lidstrom, New York City, of counsel.

William D. Ruckelshaus, Asst. Atty. Gen., Andrew P. Vance, New York City, Chief, Customs Section, Bernard J. Babb, New York City, for the United States.

Before RICH, Acting Chief Judge, NEESE, Judge, sitting by designation, and ALMOND and BALDWIN, Judges.

ALMOND, Judge.

Import Associates of America, Fraser's Inc., importers, appeal from the judgment of the United States Customs Court, Second Division,[1] sustaining the protests asserted below and entering judgment resulting in a lesser amount of duties being assessed on reliquidation than was originally assessed. It is appellants' contention here that they are entitled to an even lesser amount of duties than was determined by the judgment below.

The merchandise involved consists of articles invoiced as flatware sets comprised of various kinds of knives, forks and spoons imported from West Germany

1. 60 Cust.Ct. 491, C.D. 3439.

and Japan. Duty was assessed thereon as provided for in item 651.75 of the Tariff Schedules of the United States, at the highest rate applicable to any article in the set, and the highest ad valorem equivalent of the specific or compound rate applicable was applied in the liquidation of the duties. Appellants advanced no adverse contention as to the classification of the merchandise as *sets* under item 651.75 but prevailed in their contention that the specific or compound rate of duty which is highest for any article in the set if imported alone should be used in determining the actual duty to be paid, rather than the ad valorem equivalent. Appellants assert error in the lower Court's determination that such rate of duty should be applied to each article imported, instead of, as appellants contend, that it should be applied per set of articles.

The statutes involved are, in pertinent part, as follows:

Item 651.75 of Tariff Schedules of the United States:

> Sets (except sewing sets, pedicure or manicure sets, and combinations thereof) which include two or more of the tools, knives, forks, spoons, or other articles provided for in different rate provisions of this subpart ................... The rate of duty applicable to that article in the set subject to the highest rate of duty.

Schedule 6, Part 3, Subpart E, Headnote 5 of the Tariff Schedules of the United States:[2]

> 5. For the purposes of determining the rate of duty applicable to sets provided for in item 651.75, a specific rate of duty or a compound rate of duty for any article in the set shall be converted to its ad valorem equivalent rate, *i. e.* the ad valorem rate which, when applied to the full value of the article determined in accordance with section 402 or 402a of this Act, would provide the same amount of duties as the specific or compound rate.

Item 927.53 of the Tariff Schedules of the United States:

> Knives, forks, and spoons, all of the foregoing valued under 25 cents each, not over 10.2 inches in over-all length, and with stainless steel handles (provided for in items 650.09, 650.11, 650.39, 650.41, and 650.55 of part 3E of schedule 6, or if included in sets provided for in item 651.75 of such part):
>
> \*  \*  \*  \*  \*  \*  \*
>
> Other:
>
> 927.52 Knives and forks (items 650.09, 650.-11, 650.39, and 650.41) ..........3¢ each + 67.5% ad val.

**2.** Headnote 5 was redesignated as Headnote 4 by Section 34 of the Tariff Schedules Technical Amendments Act of 1965, 79 Stat. 933, P.L. 90–241.

Item 650.15 of the Tariff Schedules of the United States:

Knives not specially provided for elsewhere in
    this subpart, and cleavers, with or without
    their handles:

\*     \*     \*     \*     \*     \*     \*

650.15   With rubber or plastic handles:

        Table, kitchen, and butcher knives. 2¢ each +
                            12.5% ad val.

Item 650.41 of the Tariff Schedules of the United States:

Forks, spoons, and ladles, all the foregoing which
    are kitchen or table ware, with or without
    their handles:

Forks:

\*     \*     \*     \*     \*     \*     \*

650.41   With handles containing nickel or con-
          taining over 10 percent by weight
          of manganese ................. 1¢ each +
                                17.5% ad val.

---

No testimony was adduced below, the record herein consisting of agreed stipulations of fact and a representative set of flatware identified as plaintiffs' Exhibit 1. The stipulations, in substance, disclose that in one protest the collector found the salad fork in the set subject to the highest rate of duty and provided for in item 927.50. In another protest the merchandise was found to be dutiable in accordance with the rate for the butter knife under item 650.15. With respect to three different kinds of sets in another protest, the collector found that in each the fork was subject to the highest rate and provided for in item 650.41. In each protest in issue the collector ascertained the imported item subject to the highest rate of duty and applied the ad valorem rate equivalent to the compound rate pursuant to schedule 6, part 3, subpart E, headnote 5 of the Tariff Schedules.

In sustaining appellants' contention as framed below, the Customs Court held that the ad valorem equivalent of a specific or compound rate under headnote 5 of the Tariff Schedules, supra, should only be used to determine which of the articles in the set is subject to the highest rate of duty. The court concluded that upon determination of that rate, the specific or compound rate should be used in the liquidation of duty. It found that nothing in headnote 5 required the application of the ad valorem equivalent as the rate of duty in determining the amount of duty.

The court below by way of contrast with schedule 6, part 3, subpart E cited schedule 8 and reasoned as follows:

When Congress wishes to have an ad valorem equivalent applied throughout, it has so provided in unmistakable language. In schedule 8, part 1, subpart B, which applies to articles advanced or improved abroad, it is provided in headnote 2(c):

(c) The duty upon the value of the change in condition shall be at the rate which would apply to the article itself, as an entirety without constructive separation of its components, in its condition as imported if it were not within the purview of this subpart. If the article, as returned to the United States, is subject to a specific or compound rate of duty, such rate shall be con-

verted to the ad valorem rate which when applied to the full value of such article determined in accordance with section 402 or 402a of this Act would provide the same amount of duties as the specific or compound rate. *In order to compute the duties due, the ad valorem rate so obtained shall be applied to the value of the change in condition made outside the United States.* [Emphasis Customs Court's.].

The decision below turned upon an issue inherent in the record, we think, but not expressly raised by appellants. This issue was whether, in computing the duties, the specific rate portion of the applicable compound rate should be *applied to the set as a unit.* The court held that the specific duty rate should be *applied to each article in the set* and not to the set as an "article" or unit. In this connection the Customs Court observed and and held that:

> While the parties have not raised the issue, it would appear from the calculations in the plaintiffs' brief, that plaintiffs believe that the specific duty of 1, 2, or 3 cents each applies to the set as a unit and not to the individual articles in it. It is our opinion, however, that the specific duty is to be assessed on each article in the set. See Swissedent International et al. v. United States, 40 Cust.Ct. 95, C.D. 1965, and cases cited; Arnart Imports Inc. v. United States, 54 CCPA 34, C.A.D. 900. In that event, the difference between the total amount of duty found by use of an equivalent ad valorem rate and the total amount found by use of the specific and compound rate is not so great. Such a result is equitable and within the language of the statute, and was contemplated by the Tariff Commission. See Tariff Classification Study, schedule 6, page 200:

> * * * Although this provision [Item 651.75] would apply to the entire set the highest rate applicable to any article in the set, this would not impose undue hardship

on importers inasmuch as they could always import the various articles and obtain the regular rates if they deferred the packaging of them as sets until after importation.

We find rational and persuasive the argument of appellee relative to the analysis and application of item 651.75 as opposed to the application thereof for which appellants contend. This item describes a set, with stated exceptions, as including two or more tools, knives, forks, spoons, or other articles provided in the varying rate provisions in schedule 6, part 3, subpart E. While these articles are susceptible to set combinations, they are nevertheless separate and distinct articles with distinct functions in themselves. Their combination in a set or complementary use in nowise militates against or depreciates their separate functions or individual identity. If these articles are imported separately, each would be subject to the applicable specific or compound rate. As pointed out in the appellee's brief, if a shipment of 100 salad forks (protest 66/45925) were imported alone, they would be subject to duty under item 927.53 and assessed at 3 cents each plus 67.5% ad valorem with a total duty on the shipment of three dollars plus duty arising from the ad valorem. If appellants' contention were to be sustained and the same goods were imported integrated in a set and the salad fork therein was the article subject to the highest rate of duty, the specific duty to be assessed would be only 3 cents on the entire set. We are not persuaded that Congress ever intended such an application of item 651.75. We agree with appellee that when Congress set a specific rate followed by the word each, in the particular context under consideration, it must have meant each article in the set.

In our view, the rationale employed by this court in the *Arnart Imports* case, cited in the opinion below, is analogous to the situation here presented. *Arnart* involved figurines which consisted of a figure of a woman pushing a baby carriage and two earthenware poodles on

a chain, forming one piece, and a parasol comprising another piece. Duty was assessed at the rate of 10 cents per dozen pieces and 25% ad valorem under paragraph 211, Tariff Act of 1930. The specific rate of 10 cents per dozen pieces was assessed on one woman with the baby, carriage and dogs, as one piece, and on the parasol as another piece. The importer contended that the entire article should have been counted as one piece rather than two. This court, citing United States v. S. H. Kress & Co., 23 CCPA 90, T.D. 47764, held that the context of paragraph 211, supra, required the application of the specific duty rate to each piece in the article, inasmuch as the specific rate was 10 cents *per dozen pieces* and not 10 cents *per dozen.*

The pertinent provisions involved here disclose specific rates of 1, 2, and 3 cents *each.* In our view, the term *each* and the term *pieces* carry the same connotation in their particular context.

We have considered the briefs and arguments advanced by counsel and are not persuaded of reversible error in the decision of the Customs Court holding that the specific duty is properly assessable on each article in the set. The judgment rendered by that court is, therefore, affirmed.

Affirmed.

NEESE, J., concurs in the result.